**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHARLES BIBBS,                                    :        Civil No. 3:25-cv-1194
                                                  :
      Plaintiff                               :        (Judge Mariani)
                                                  :
  v.                                            :
                                                  :
SERGEANT WICKERSHAM, *et al.*,                    :
                                                  :
      Defendants                              :

**MEMORANDUM**

Plaintiff Charles Bibbs ("Bibbs"), a state inmate, initiated this *pro se* civil rights action

pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Sergeant Wickersham,

Lieutenant Kraynak, and Correctional Officer Figuelredo. (*Id.* at 3; Doc. 9).

Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(6). (Doc. 13). The motion is fully briefed and ripe for resolution.

For the reasons set forth below, the Court will grant the motion in part and deny it in part,

and grant Bibbs limited leave to amend.

I.    **Allegations of the Complaint**

On July 25, 2024, while housed at the State Correctional Institution, Frackville,

Pennsylvania ("SCI-Frackville"), Bibbs alleges that officers of the Bureau of Investigation

and Intelligence questioned him about his relationship with a female correctional officer.

(Doc. 1 ¶¶ 1-5). Bibbs allegedly told the investigating officers that the "accusations" were

false. (*Id.* ¶ 3). In response, the investigating officers told the escorting officers—Defendant

Kraynak and Lieutenant Pinkey—to get Bibbs "out of [their] sight." (*Id.* ¶ 15). After this questioning, Bibbs was immediately transferred to the State Correctional Institution, Mahanoy, Pennsylvania ("SCI-Mahanoy"). (*Id.* ¶ 6). Bibbs alleges that due to the immediacy of his transfer, he was unable to inventory his property and was told by officers at SCI-Frackville that his property "will be shipped[.]" (*Id.* ¶ 7).

On July 30, 2024, while housed at SCI-Mahanoy, Bibbs alleges that Defendant Kraynak came to visit him. (*Id.* ¶ 8). Bibbs informed Defendant Kraynak that he had not yet received his property, including his legal mail, and that he had a legal deadline approaching. (*Id.* ¶¶ 8-9). Defendant Kraynak allegedly told Bibbs that his property would be shipped to SCI-Mahanoy upon completion of SCI-Frackville's security investigation. (*Id.* ¶ 10).

On August 1, 2025, Bibbs attended a hearing with the Program Review Committee ("PRC"). (*Id.* ¶ 11). The PRC informed Bibbs that they spoke with SCI-Frackville about "their plans for [Bibbs]." (*Id.*). Bibbs asserts that he asked the PRC about the status of his property because of his approaching deadline, and that they told him to speak with the Restricted Housing Unit Lieutenant, Lieutenant Valdez. (*Id.* ¶ 12).

On August 2, 2024, Bibbs spoke with Lieutenant Valdez and Valdez stated that "he would get him to his property." (*Id.* ¶ 13). On August 3, 2024, Lieutenant Valdez and Correctional Officer Guzenski escorted Bibbs to his property, which included one footlocker, one record box, one television box, and paperwork. (*Id.* ¶ 14). Bibbs alleges that, upon inspection, several items were missing, including the draft of his Post Conviction Relief Act

("PCRA") petition with an affidavit from the co-defendant in his criminal case admitting that he received a plea deal for his cooperation against Bibbs, and his phone/address book which contained Bibbs' contacts. (*Id.* ¶ 15). Bibbs asserts that he immediately informed Lieutenant Valdez and Correctional Officer Guzenski about the missing items. (*Id.* ¶ 16). Shortly thereafter, Bibbs received an inventory sheet, which he alleges was "concocted" at SCI-Frackville outside of his presence, and signed by Defendants Wickersham and Figuelredo. (*Id.* ¶ 17).

On August 5, 2024, Bibbs filed an inmate grievance with SCI-Frackville, asserting that although he faced a fast-approaching filing deadline in state court of August 24, 2024, his legal property, composition books, and phone/address book were missing. (*Id.* ¶ 18). Bibbs claims that he attached a prior inventory sheet to support the claim that he previously had these items in his possession. (*Id.*)

Bibbs alleges that he was unable to timely file his PCRA petition and permanently lost the ability to pursue his claim at the appellate level due to being time-barred. (*Id.* ¶¶ 19-20). He further states that he can no longer contact his co-defendant because of the loss of his phone/address book. (*Id.* ¶ 21).

Based on these allegations, Bibbs asserts that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. 1, at 1; Doc. 1 ¶¶ 28-29).

## II.    Legal Standard

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint:  First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not

4

entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III.  **Discussion**

### A.    Personal Involvement

Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)

5

(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs…Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

Defendants first move to dismiss the claims against Wickersham, Kraynak, and Figuelredo due to lack of personal involvement. (Doc. 14, at 7-10).

In the complaint, Bibbs alleges that on July 25, 2024, while housed as SCI-Frackville, Defendant Kraynak escorted him to be interviewed by officers of the Bureau of Investigation and Intelligence. (Doc. 1 ¶¶ 1-2). Bibbs also alleges that Defendant Kraynak visited him at SCI-Mahanoy on July 30, 2024, and that Defendant Kraynak told Bibbs that his property would be shipped to SCI-Mahanoy upon completion of SCI-Frackville's security investigation. (*Id.* ¶¶ 8-10). Bibbs then alleges that Defendants Wickersham and Figuelredo signed the "concocted" inventory sheet for his property. (*Id.* ¶ 17).

6

While Bibbs' allegations against the Defendants are somewhat sparse, the complaint does include allegations against them relative to his legal materials and property. At the pleadings stage, the Court finds that Bibbs has sufficiently identified the Defendants' alleged personal involvement and will deny the motion to dismiss based on lack of personal involvement. That said, the Court finds that the merits of Bibbs' claims fail, as set forth below.

### B.    First Amendment Access to Courts Claim

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Inmates, however, may only proceed on access to courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement." *Id.* (citing *Lewis*, 518 U.S. at 354-55). To adequately plead an access to courts claim that is backward-looking in nature,[1] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe*, 536 F.3d at 205 (quoting *Christopher*, 536 U.S. at 415). The

---

[1]    There is also a category of access to courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).

7

underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy." *Christopher*, 536 U.S. at 416-17.

Bibbs alleges that, when housed at SCI-Frackville, he had in his possession an affidavit from the co-defendant in his criminal case stating that he received a favorable plea agreement in exchange for his cooperation and testimony against Bibbs, (Doc. 1 ¶ 15), and that Defendants mishandled or lost this property, causing Bibbs to miss a state post-conviction deadline, (Doc. 1 ¶¶ 15, 19-20).

Bibbs appears to refer to 42 Pa. Cons. Stat. § 9545(b)(1), the provision of Pennsylvania's PCRA that provides a one-year statute of limitations for filing a PCRA petition. (*See* Doc. 18, at 2). Under subsection (b)(1)(ii), a PCRA petition can be filed later than one year from the date the criminal judgment becomes final when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa. Cons. Stat. § 9545(b)(1)(ii).

Although Bibbs broadly claims that he missed the deadline to file a PCRA petition grounded in new evidence, Bibbs has not plausibly pled facts showing how the purported loss of his legal mail and property caused such a lengthy delay that the one-year PCRA limitations period elapsed. Bibbs asserts that he became aware of the newly discovered evidence on August 24, 2023, and that he had until August 24, 2024 to submit it. (Doc. 18, at 2). He was not transferred out of SCI-Frackville until July 25, 2024, at which point Defendants' allegedly mishandled or lost his legal mail and property. (Doc. 1 ¶¶ 1, 6, 15).

8

Bibbs thus asserts that Defendants possessed the materials for one month before the deadline expired.  Additionally, Bibbs has not alleged that he has no other remedy for the purported loss.  He does not allege that he proceeded to file a PCRA petition based on this newly discovered evidence and it was denied as untimely.  In fact, Bibbs indicates that he was litigating his criminal case under the PCRA in state court.  (Doc. 18, at 1).

Consequently, the Court will grant Defendants' motion to dismiss the access to courts claim but will allow Bibbs to amend his pleadings in the event that he can allege the requisite facts to state a plausible access to courts claim.

C.      Eighth Amendment Loss of Property Claim

Bibbs brings an Eighth Amendment claim, presumably in relation to the loss of his legal mail and property.  However, this claim is completely undeveloped.

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. Amend. VIII. Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs.  *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).  Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities'

9

and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'" *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)). Such a claim contains two requirements: an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner asserting a claim that the conditions of confinement violate the Eighth Amendment must allege: (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that the defendant prison official personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk." *Farmer*, 511 U.S. at 834, 844-45.

The destruction or loss of property does not equate to a sufficiently serious deprivation that would give rise to a claim under the Eighth Amendment. *See, e.g.*, *Powell v. Wetzel*, No. 1:12-cv-01684, 2014 WL 2864686, at *5 (M.D. Pa. June 24, 2014). Moreover, in his opposition brief, Bibbs clarifies that he is not raising an Eighth Amendment claim relative to his loss of property. (Doc. 17, at 2).

Nothing in Bibbs' complaint raises the necessary elements of an Eighth Amendment claim. Therefore, the Eighth Amendment claim will be dismissed without prejudice and with leave to amend.

D.    Fourteenth Amendment Deprivation of Property Claim

Bibbs asserts a claim of deprivation of property without due process of law in violation of the Fourteenth Amendment. However, this constitutional tort has significantly

limited application. This due process claim is unavailable when "adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 530, 533 (1984).

Bibb's complaint does not indicate whether adequate state post-deprivation remedies exist for the alleged mishandling and loss of his legal mail and other items, but the Court notes that state tort law likely provides a remedy for these claims. *See Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (noting that district court correctly dismissed the Fourteenth Amendment due process property deprivation claim due to the existence of state post-deprivation remedies).

Additionally, the United States Court of Appeals for the Third Circuit has held that the prison grievance process constitutes an adequate post-deprivation remedy for claims like those asserted here, even if the plaintiff disagrees with the results. *See Tillman*, 221 F.3d at 422. Bibbs admits that he "did in fact utilize the inmate grievance sy[s]tem." (Doc. 17, at 2; *see also* Doc. 1 ¶ 22). Thus, Bibbs' Fourteenth Amendment deprivation of property claim fails and must be dismissed with prejudice.

## IV.    Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant Bibbs leave to file an amended complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).

The Court will grant Bibbs leave to amend his First Amendment access to courts claim and Eighth Amendment claim.[2]  However, the Court finds that it would be futile to allow Bibbs to amend his Fourteenth Amendment deprivation of property claim.

## V.    Conclusion

Consistent with the foregoing, Defendants' motion (Doc. 13) to dismiss will be granted in part and denied in part as follows: (1) Defendants' motion to dismiss based on lack of personal involvement will be denied; (2) the First Amendment access to courts claim and Eighth Amendment claim will be dismissed without prejudice and with leave to amend; and (3) the Fourteenth Amendment deprivation of property claim will be dismissed with prejudice and without leave to amend.  (Doc. 13).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July ___, 2026

---

[2]    If Bibbs chooses to file an amended complaint, he is advised that it must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint shall set forth the claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, neither conclusory allegations nor broad allegations will set forth a cognizable claim.